IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL ELLIOTT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-3231-B |
| | ) | (Consolidated with |
| UNITED STATES OF AMERICA, ET AL., | ) | No. 3:16-CV-3232-B) |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  Background**

Plaintiff is a federal prisoner and is proceeding *pro se.* He filed this complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). Defendants are the United States, the Department of Justice, Hunt County, Sheriff Randy Meeks, Officer Bostik, Captain Stevens, Officer Munsford, Captain Lee Greninger, Sergeant Greg Nottingham, Sergeant John Knutson, Lt. Sherman, Officer Greer, Nurse Kelly Craven, Attorney General Loretta Lynch, and Director of the Marshal Service Harley G. Lappin. The Court has not issued process pending judicial screening.

Plaintiff was arrested by U.S. Marshals in January, 2014. He was charged in the Eastern

**Findings and Conclusions of the
United States Magistrate Judge**          Page -1-

District of Texas with transportation of child pornography.  While awaiting trial, he was held in the Hunt County Jail.  Plaintiff states his civil rights were violated while at the Hunt County Jail, and he seeks money damages.

## II.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

### III.  Discussion

**1.      Federal Defendants**

**A.      Official Capacity**

Plaintiff names the United States, the Department of Justice, former Attorney General

Loretta Lynch, and Bureau of Prisons employee Harley G. Lappin as defendants.  To the extent

Plaintiff seeks to raise claims against Defendants Lynch and Lappin in their official capacities, or

raise claims against the Department of Justice and the United States pursuant to *Bivens v. Six*

*Unknown Federal Agents*, 403 U.S. 388 (1971), the claims are without merit.  A *Bivens* action

only provides a remedy for victims of constitutional violations by government officials in their

individual capacities.  It does not provide for a cause of action against the United States or a

federal agency.  *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th

Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).  These claims should be dismissed.

**B.      Individual Capacity**

To the extent Plaintiff sues former Attorney General Lynch and Director Lappin in their

individual capacities, Plaintiff claims are without merit.  Plaintiff states these Defendants are

liable for his placement in solitary confinement.  To be liable under *Bivens*, however, an

individual must be personally involved in the acts causing the deprivation of a person's

constitutional rights.  *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  It is well settled that

supervisory officials cannot be held vicariously liable for their subordinates' actions under §

1983/*Bivens*.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v.*

*Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d  737, 739 (5th

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

Cir.1985) (per curiam).  Supervisory officials may be held liable only if they (I) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury.  *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

In this case, Plaintiff does not allege that these Defendants were personally involved in the deprivation of his rights.  Although Plaintiff states that a United States Marshal told Hunt County Jail officials to place Plaintiff in solitary confinement, he fails to allege that Defendants Lynch or Lappin directed, or were even aware, of this placement.  Plaintiff has also failed to show allege that either Attorney General Lynch or Director  Lappin implemented an unconstitutional policy that resulted in a violation of his civil rights.  Plaintiff's claims against these Defendants should be dismissed.

**2.    Verbal Threats**

Plaintiff claims he was subjected to verbal abuse by a number of defendants.  He claims: (1) Sgt. John Kuston allowed guards to verbally abuse him; (2) Officer Greer called him a "child molester" and "baby rapist"; (3) Officer Munsford verbally abused him and called him names; (4) Officer Bostich made sexually harassing statements to him and was verbally abusive; (5) Lt. Sherman called him a "predator"; (6) Captain Greninger ignored his complaints about verbal abuse; and (7) Sheriff Randy Meeks told him that if he did not return to the jail after a furlough for a dental appointment, Meeks would track him down personally and "deal" with him.  Claims of verbal abuse, however, do not give rise to a cause of action under § 1983.  *Siglar v.*

**Findings and Conclusions of the**
**United States Magistrate Judge**              Page -4-

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *White v. Gutierez*, 274 Fed. Appx. 349, 349 (5th Cir. 2008). These claims should be dismissed.

### 3.    Grievances

Plaintiff states that Captain Lee Greninger ignored his complaints. An inmate does not have a constitutional entitlement to an adequate grievance investigation. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (finding prisoners have no due process right to a grievance investigation); *Kimble v. Smith*, No. 2:00-CV-352, 2003 U.S. Dist. WL 21350339 (N.D. Tex. June 9, 2003) (finding no constitutional claim arises from failure to properly investigate prisoner grievance). Plaintiff's claims should be dismissed.

### 4.    Statute of Limitations

Plaintiff raises a number of claims that are barred by the statute of limitations. He states that: (1) on August 21, 2014, he suffered a kidney infection that was not treated for two weeks; (2) in January, 2014, he entered jail with a pre-existing medical condition of facet hypertrophy which required pain medication, but he did not receive pain medication until eight months later; (3) he suffered a gout condition on February 3, 2014, through February 6, 2014, and that the gout condition subsided on February 20, 2014, after his spouse brought him medication; (4) On February 12, 2014, February 28, 2014, March 3, 2014, and August 26, 2014, he received an incorrect dose of blood pressure medicine; (5) on February 4, 2014, and April 14, 2014, he wrote complaint letters to Sheriff Meeks, but Meeks did not respond; and (6) on February 4, 2014, April 10, 2014, and August 28, 2014, he contacted Captain Jerry Stevens about grievances but

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

Stevens ignored the grievances.

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations.  *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years).  Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff filed this complaint until November 9, 2016.  Each of the above incidents occurred more than two years prior to November 9, 2016.  Plaintiff has also failed to state any basis for equitable tolling of the limitations period.  These claims should be dismissed as barred by the statute of limitations.

**5.      Solitary Confinement**

Plaintiff states he was placed in solitary confinement for twenty months for no reason. He claims this resulted in anxiety attacks, stress, nightmares, sleep deprivation, headaches, depth perception problems, depression and post traumatic stress disorder.

The due process rights of prisoners are generally limited to freedom from restraints which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Restrictions which alter the conditions of confinement, such as temporary solitary confinement or a change in housing status,

<u>**Findings and Conclusions of the**</u>
<u>**United States Magistrate Judge**</u>          Page -6-

do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (involving commissary and cell restrictions); *Dehghani v. Vogelgesang*, 229 Fed. Appx. 282, 283 (5th Cir. 2007) (involving solitary confinement); *Jones v. Baker,* 155 F.3d 810, 812–13 (6th Cir.1998) (holding that administrative segregation for two and one-half years did not give rise to a liberty interest); *Griffin v. Vaughn,* 112 F.3d 703, 708 (3rd Cir.1997) (finding that inmate's placement in administrative segregation for fifteen months did not give rise to a liberty interest); *Hernandez v. Velasquez,* 522 F.3d 556, 563 (5th Cir.2008) (finding that protective lockdown for twelve months did not give rise to a liberty interest).  Plaintiff has failed to show a violation of his constitutional rights.

**6.      Conditions of Confinement**

Plaintiff alleges the conditions of his confinement were unconstitutional.  The treatment a prisoner receives in prison and conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  To establish a violation of the Eighth Amendment, Plaintiff must show (1) a deprivation that is objectively "sufficiently serious," and (2) that the defendant acted with "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).  A prison condition violates the Eighth Amendment only if it is so serious that it deprives the prisoner of the "minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need."  *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (citations omitted).

Plaintiff states his cell was cold, he had to sleep without a mat for several days, and that

<u>**Findings and Conclusions of the**</u>
<u>**United States Magistrate Judge**</u>          Page -7-

the light was on twenty-four hours a day.  He also claims, however, that Officer Munsford kept the lights off "for hours at a time."  (*Id*. at 3H.)  Plaintiff's allegations fail to allege a prison condition which is sufficiently serious to violate the Eighth Amendment.  His claims should be dismissed.

Additionally, Plaintiff states he informed jail officials that he had a steel plate and screws in his left tibia, but that he was shackled anyway, resulting in pain and abrasions.  That Plaintiff may have been placed in shackles at some point during his incarceration, for an unknown period of time, fails to sufficiently allege that jail officials were deliberate indifferent so as to violate Plaintiff's Eighth Amendment rights.  This claim should be dismissed.

**7.      Privileges**

Plaintiff states he was denied privileges, such as phone access.  Loss of commissary or phone privileges does not implicate a protected liberty interest.  *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Boriboune v. Litscher*, 91 Fed. Appx. 498, 500 (7th Cir. 2003) (phone privileges).  Plaintiff's claims should be dismissed.

**8.      Medical Care**

Petitioner states his denture was broken during his arrest, but the jail failed to provide him with a soft diet.  He claims this resulted in his malnutrition and severe weakness.

Plaintiff's denial of medical care claim is governed by the "deliberate indifference"

standard of the Eighth Amendment to the United States Constitution.  U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain."  *Id*. 429 U.S. at 106.  This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's allegations fail to show his constitutional rights were violated.  He has failed to allege officials were deliberately indifferent such as to cause the unnecessary or wanton infliction of pain.  Plaintiff was granted three unsupervised furloughs from jail to obtain new dentures, and he was successful in obtaining the dentures.  *See United States v. Elliott*, 4:14-CR-011-001 (E.D. TX); Magistrate Judge's Questionnaire, Answer No. 1B.  Plaintiff has failed to allege facts showing a violation of his constitutional rights.  He  has alleged, at most, a cause of negligence.  Negligent conduct, however, does not rise to the level of a constitutional violation.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette*, 434 U.S. 555, 556 (1978).

**9.**     **Nurse Kelly Craven**

Plaintiff claims nurse Kelly Craven was a nurse at the jail, and that she was not a licensed nurse.  He states it is "possible" that some of his medicine was improperly dispensed.  He also, however, claims he received the wrong blood pressure medicine or  the wrong dosage of medicine on January 22, 2015, February 5, 2015, and August 6, 2015.  He states this "could"

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -9-

have caused a stroke. Plaintiff's allegations amount to negligence claims, which fail to state a claim under § 1983. *Estelle,* 429 U.S. at 106. These claims should be dismissed.

**10.    Failure to Protect**

Plaintiff claims Sgt. Greg Nottingham allowed the doors on Plaintiff's cell to open at the same time as another inmate's cell door to intentionally allow the other inmate to attack Plaintiff. He also claims Lt. Sherman falsified a report about this attack.

To establish a failure-to-protect claim under § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.; see also Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Plaintiff claims Sgt. Nottingham and Lt. Sherman acted intentionally to allow the inmate to attack Plaintiff, and then to cover up the attack through a false report. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Defendants Sgt. Greg Nottingham and

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -10-

Lt. Sherman should proceed and process should be issued as to these Defendants.

## IV.  Recommendation

The Court recommends that: (1) Plaintiff's claims that Sgt. Greg Nottingham and Lt. Sherman failed to protect him from assault should proceed and process should be issued as to these Defendants; (2) Plaintiff's remaining claims should be dismissed.

Signed this 1st day of May,  2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).