IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL ELLIOTT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 3:16-CV-3231-B-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* prisoner civil rights case is Defendant Tammy Sherman's Motion for Summary Judgment on the Issues of Failure to Exhaust Administrative Remedies and Qualified Immunity. (ECF No. 45). For the reasons stated, the Court should GRANT Defendant's Motion and dismiss Plaintiff's claims with prejudice.

**Background**

Plaintiff Michael Elliott, a federal prisoner, was arrested on January 31, 2014, on charges in the Eastern District of Texas involving possession and/or distribution of child pornography. Compl. 6 (ECF No. 3); Resp. to Mag. J. Questionnaire 2 (ECF No. 11). While he was awaiting trial, Plaintiff was held at the Hunt County Detention Center ("HCDC"), where he was housed in solitary confinement. Compl. 6; Resp. to Mag. J. Questionnaire 2. Plaintiff alleges that, on August 11, 2015, an HCDC officer opened Plaintiff's cell door to allow another

1

inmate to attack Plaintiff, hitting him in the head and face in the presence of a guard. Compl. 10; Pl.'s Resp. to Magistrate's Second Quest. 1 (ECF No. 14). Plaintiff asserts that Defendant Lieutenant Tammy Sherman gave him a disciplinary report on August 13, 2015, relating to the August 11 incident, for tampering with a cell door. Pl.'s Resp. to Magistrate's Second Quest. 1. Plaintiff contends that at his August 17, 2015 hearing on the matter, Sherman found him "not guilty," and he was then transferred to Fannin County, Texas, on August 19, 2015. *Id.*

Based on this conduct, Plaintiff contends Sherman failed to protect him while he was in custody at the HCDC in violation of his constitutional rights. *See* Pl.'s Resp. to Magistrate's Quest. 6, 9. Specifically, Plaintiff maintains that Sherman "falsified paperwork to cover-up certain abuses and negligence relating to a hostile inmate having attacked the Plaintiff while under the watch of the prison administration." *Id.* 9. Plaintiff also asserts that Sherman referred to him in a derogatory manner, calling him a "predator" and using the term "your kind." *Id.* 6.

In response, Sherman—the only remaining defendant in this case—moves for summary judgment on grounds that (1) Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA") and (2) she is entitled to qualified immunity. Def.'s Br. Support 22 (ECF No. 46). The issues are fully briefed, and the motion is ripe for determination.

## Legal Standards & Analysis

### Failure to Exhaust Administrative Remedies

Defendant argues that she is entitled to summary judgment, as a threshold matter, because Plaintiff failed to exhaust his administrative remedies. The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Inmates seeking monetary damages must still exhaust their administrative remedies prior to filing suit even though prison grievance proceedings may not provide such relief. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). When a prisoner fails to exhaust his administrative remedies before filing suit without a valid excuse, the court may dismiss the action without prejudice as to its refiling once the prisoner complies with the exhaustion requirement. *See Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998) *overruled by implication on other grounds by Jones v. Bock,* 127 S. Ct. 910 (2007). But when a prisoner can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. ex rel. La. Dep't of Pub. Safety*

*& Corr.,* 468 F.3d 278, 280-81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (citing *Booth*, 532 U.S. at 740 n.5; *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)) (internal quotation marks omitted).

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015); *see Ferrington v. La. Dep't of Corr.*, 315 F.3d 529, 531-32 (5th Cir. 2002) (per curiam) (affirming dismissal because inmate's "alleged blindness" did not excuse him from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal because inmate's claim was precluded by his failure to exhaust administrative remedies where he "incorrectly filed an administrative appeal instead of a disciplinary appeal"); *Parker v. Adjetey*, 89 F. App'x 886, 887-88 (5th Cir. 2004) (per curiam) (affirming dismissal because inmate failed to exhaust his administrative remedies when he did not attempt to file a grievance after recovering from a coma). Exhausting administrative remedies requires a prisoner to pursue that "grievance remedy to conclusion"; substantial compliance is inadequate to fulfill the requirement. *Wright*, 260 F.3d at 358. Even when a prison fails to respond to a prisoner's grievance at a preliminary step in the grievance process, the exhaustion requirement is not satisfied; "the prison's failure

4

to timely respond simply entitles the prisoner to move on to the next step in the process." *Wilson,* 776 F.3d at 301. Nonetheless, "'[e]xhaustion is defined by the prison's grievance procedures,'" and where the procedures do not afford a prisoner a next step, a court may determine that the prisoner complied with the PLRA's exhaustion requirement. *See Cowart v. Erwin,* 837 F.3d 444, 452 (5th Cir. 2016) (quoting *Cantwell v. Sterling,* 788 F.3d 507, 509 (5th Cir. 2015)).

Because failure to exhaust is an affirmative defense, Defendant has the burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. *See Jones,* 549 U.S. at216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Accordingly, "[a]t the summary-judgment stage, this means that the defendant[ ] 'must establish beyond peradventure all the essential elements of the defense of exhaustion to warrant summary judgment in [her] favor." *Wilson,* 776 F.3d at 299 (quoting *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010)); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original).

Defendant Sherman is entitled to summary judgment with respect to Plaintiff's claims because she has established beyond peradventure that he failed

to exhaust the administrative remedies available to him at the HCDC prior to filing a federal lawsuit. The HCDC has a four-step written grievance policy for inmate complaints regarding violations of civil rights, criminal acts, unjust denials of inmate privileges, or facility staff's prohibited acts. Def.'s App. 29 (ECF No. 47). The HCDC provides grievance forms for inmate complaints. *Id.* When an officer receives a grievance, he will log the grievance, investigate it, and provide a written response within 15 days. *Id.* If the grievance officer's response is unsatisfactory to the prisoner, he may appeal to the grievance review board. *Id.* The grievance review board will respond to the prisoner within 15 days. *Id.* If the prisoner is unsatisfied with the board's response, he may request an appeal to the lieutenant. *Id.* The lieutenant will send the prisoner a reply within 15 days. *Id.* Should the prisoner continue to disagree, he may appeal the lieutenant's decision to the administrator, who decides the matter finally. *Id.* The HCDC places documentation regarding a prisoner's grievances in his file. *Id.* To exhaust his administrative remedies, Plaintiff would have to have completed all of these steps before filing a federal lawsuit.

In this case, Defendant is entitled to summary judgment because there is no evidence that Plaintiff exhausted his administrative remedies with respect to the alleged August 11, 2015 incident. By contrast, there is ample evidence in the record that Plaintiff knew how to utilize the grievance process because he filed several grievances while at the HCDC, including one on March 2, 2015, complaining about an officer grabbing his arm during visitation line-up; two on June 15, 2015, one

6

asserting that he was singled out in the visitation line-up for talking and one that an officer would not get the captain to speak with him; and one on June 18, 2015, complaining that he was served a "pile of something resembling cat food or vomit." Def.'s App. 8, 11, 13, 15. While the evidence shows Plaintiff effectively completed steps one, two, and three of the process with respect to his June 18, 2015 grievance regarding the food at the HCDC, there is no evidence that he completed any of the steps for the alleged August 11, 2015 incident. *Id.* 15-18.

In his response, Plaintiff asserts that "it would be improbable that this Plaintiff would choose not to enact the Administrative Remedy process" in this case, but he offers no evidence that he actually did. Pl.'s Resp. 2. Defendant offered uncontroverted testimony that had Plaintiff filed a grievance, he would have had a copy of it since "[g]rievance forms are in carbon copy format for Step 1," and "[t]he inmate keeps a copy of the grievance when it is picked up." Def.'s App. 30. Beyond step one, the "classification officer makes a photocopy of the grievance form for each step pursued by the inmate." *Id.* And, even if Plaintiff had "enacted" the process by completing step one, as he insists, that would have been inadequate to satisfy the exhaustion requirement. Rather, he would have had to complete all four steps, and no record exists that he completed any step—much less all four. In view of all the evidence, Defendant has established beyond peradventure that Plaintiff failed to exhaust his administrative remedies. She is, therefore, entitled to summary judgment with respect to Plaintiff's claims on this ground alone.

## Qualified Immunity

Defendant further argues that she is entitled to summary judgment on the grounds of qualified immunity in addition to Plaintiff's failure to exhaust. "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam)); *accord Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 136 S. Ct. at 308 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "A right may be clearly established without 'a case directly on point,' but 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Hanks v. Rogers*, 853 F.3d 738, 746-47 (5th Cir. 2017) (citing *White*, 137 S. Ct. at 551)). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted)); *accord City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015).

A court reviews a motion for summary judgment based on qualified immunity in two steps; it must first decide "whether the plaintiff has alleged a

violation of a constitutional right." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008) (citation omitted); *see also Luna v. Mullenix*, 773 F.3d 712, 718 (5th Cir. 2014), *rev'd on other grounds*, 136 S. Ct. 305 (2015) (citing *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014) (per curiam); *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004)). Second, the court must decide "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores*, 381 F.3d at 395 (citation and internal quotation marks omitted). This requires determining "whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." *Charles*, 522 F.3d at 511 (citation and quotation marks omitted). In other words, "whether it would have been clear to a reasonable [official] in the [defendant's] position that [her] conduct was unlawful in the situation [she] confronted." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal quotation marks and brackets omitted)). Though the court may consider either step first, "deciding the two prongs in order 'is often beneficial.'" *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *Pearson*, 555 U.S. at 236).

Once a defendant raises qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam) (citing *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)); *see Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified

immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). Nevertheless, a plaintiff's burden at summary judgment "'to rebut a claim of qualified immunity once the defendant has properly raised it in good faith' . . . 'is a demanding [one].'" *Mendez v. Poitevent*, 823 F.3d 326, 331 (5th Cir. 2016) (quoting, respectively, *Cole v. Carson*, 802 F.3d 752, 757 (5th Cir. 2015); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015)).

Qualified immunity is appropriately resolved at the summary judgment stage when (1) a plaintiff has established that the defendant engaged in the conduct at issue, or (2) the court "skip[s], for the moment, over . . . still-contested matters to consider an issue that would moot their effect if proved." *Haverda v. Hays Cty.*, 723 F.3d 586, 599 (5th Cir. 2013) (brackets and ellipses in original) (internal quotation marks omitted) (citing *Harlow*, 457 U.S. at 818). If resolution of qualified immunity at the summary judgment stage involves a fact question as to what the defendant did, rather than whether the defendant is immune for what he did, then "the case is inappropriate for summary judgment on the basis that the defendant did not engage in conduct violative of the plaintiff's rights." *Barker v. Norman*, 651 F.2d 1107, 1124 (5th Cir. Unit A July 1981). However, a defendant can

pretermit the question of whether he engaged in the offending conduct to present the qualified immunity issue because "[t]here is no point in going to trial to determine whether the officer engaged in the complained-of conduct if the officer would be immunized from liability even if he did engage in that conduct." *Id.* Even so, where a defendant establishes beyond dispute that he did not engage in the offending conduct, then summary judgment may still be appropriate. *Id.* But "[a] summary judgment on [those] grounds . . . has nothing to do with the qualified immunity defense; rather, it is based on the plaintiff's inability to prove the facts essential to recovery . . . ." *Id.* (citation omitted). Similarly, when the offending conduct, even if it did occur, does not amount to a violation of the plaintiff's constitutional rights, then summary judgment may be proper, though "[that] summary judgment would not be based on qualified immunity grounds, but instead on the lack of a legally sufficient predicate for section 1983 . . . ." *Id.*

When a plaintiff cannot prove the necessary facts essential to recovery, summary judgment is proper. Fed. R. Civ. P. 56. Ordinary summary judgment under the Federal Rules is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists when a trier of fact could

resolve the dispute in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Defendant Sherman is entitled to summary judgment in view of all the evidence. When no reasonable juror could find for the nonmovant based on the summary-judgment evidence, no genuine issue of material fact exists. *Rutherford v. Muniz*, 280 F. App'x 337, 338 (5th Cir. 2008) (per curiam). In this case, no reasonable juror could find for Plaintiff based on the summary-judgment evidence. Defendant Sherman's uncontroverted affidavit states that she "had no information or notice that [Plaintiff] did not get along with other inmates in his pod or that he was at substantial risk of serious harm"; in fact, she "was never aware of the alleged fight which Mr. Elliot [sic] claims occurred on August 11, 2015, until receiving a copy of this lawsuit." Def.'s App. 31. Sherman "never prepared a report regarding this incident, and [she has] not seen a report from any officers regarding this alleged incident." *Id.* Further, "there are no grievances, requests forms or medical records reflecting any fights or injuries occurring on August 11, 2015." *Id.* The evidence shows Defendant wrote one jail report involving Plaintiff after August 11, 2015, when she discovered that he was using another inmate's phone pin to call his wife after his phone privileges had been revoked. *Id.* 24, 31-32. There is no evidence whatsoever that Defendant was involved in the alleged incident on August 11, 2015. Nor has Plaintiff put forth any evidence that Defendant falsified any documentation in connection with the incident. Accordingly, there is no genuine

issue of material fact that Defendant violated Plaintiff's rights, and Defendant is entitled to summary judgment on Plaintiff's claims.

### Attorney Fees and Costs

In the final sentence of her brief, Defendant requests that she be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Def.'s Br. Support 22. "[T]he court, in its discretion, may allow the prevailing party, other than the United States, reasonable attorney's fee as part of the costs" in cases brought under § 1983. 42 U.S.C. § 1988(b). "Prevailing parties" under § 1988 are those parties that "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

"Although attorney's fees for prevailing plaintiffs are almost always awarded, attorney's fees for defendants are only awarded 'upon a finding that that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *DeRamus v. City of Alexandria*, 675 F. App'x 408, 412 (5th Cir. 2017) (per curiam) (quoting *Fox v. Vice*, 563 U.S. 826, 833 (2011); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978)). Indeed, "attorney's fees for prevailing defendants are presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001); *see also Nieman v. Milam*, 2018 WL 2604862, at *1 (N.D. Tex. May 11, 2018), *adopted by* 2018 WL 2575231 (N.D. Tex. June 4, 2018). "The 'stringent standard applicable to defendants is intended

13

to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'" *Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir. 2000) (quoting *Aller v. N. Y. Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)).

In determining whether an action was frivolous, the Court must determine "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (citing *Jones v. Tex. Tech. Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983)). The fact that claims were dismissed before trial is not sufficient by itself to support a finding of frivolity. *Myers*, 211 F.3d at 293 (citing *Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)). Courts are generally reluctant to award fees to a prevailing defendant unless the plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 578 (S.D. Tex. 2005) (citations and internal quotation marks omitted). Even in the face of a finding of frivolity, however, the court retains discretion to deny a fee request in view of the circumstances of a particular case. *Williams-Boldware v. Denton Cty.*, 2013 WL 12242263, at *1 (E.D. Tex. Jan. 3, 2013) ("A determination that a complaint was frivolously filed, however, does not require *a fortiori* an award of attorneys' fees to even a prevailing Defendant.") (citing *Tang v. R.I. Dep't of*

14

*Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998). Finally, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

Defendant's request for fees is not adequately briefed or supported by the record. Defendant presents no argument, much less evidence, that would compel the conclusion that Plaintiff, a *pro se* prisoner, knowingly asserted a frivolous claim; nor has Defendant come forward with any evidence documenting the time spent defending this action or the hourly rates of any attorney who worked on the case. In the absence of such argument or evidence, the Court should decline to exercise its discretion to award attorneys' fees to Defendant under § 1988.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendant Tammy Sherman's Motion for Summary Judgment on the Issues of Failure to Exhaust Administrative Remedies and Qualified Immunity (ECF No. 45) and DISMISS WITH PREJUDICE Plaintiff Michael Elliott's claims against her.

Defendant's request for attorneys' fees should be DENIED.

**SO RECOMMENDED.**

February 6, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

15

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).