IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL ELLIOTT,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. 3:16-CV-3231-B-BT

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this *pro se* prisoner civil rights case is Plaintiff Michael Elliott's "Formal Traverse in Response to Magistrate's Findings in Challenge of Administrative Remedy Exhaustion as an Impossibility and Attack of Qualified Immunity Defense in Violation of Clearly Established Laws." (ECF No. 55). For the reasons stated, the Court should construe Plaintiff's filing as a Rule 60(b) Motion for Relief from Judgment and DENY Plaintiff's Motion.

On March 1, 2019, Plaintiff filed his "Formal Traverse," re-urging the arguments he made in response to Defendant Tammy Sherman's Motion for Summary Judgment. Plaintiff's "Traverse" appears to be an untimely objection to the magistrate judge's February 6, 2019 Findings, Conclusions, and Recommendation, recommending that Defendant Sherman's Motion for Summary Judgment be granted and Plaintiff's claims against her be dismissed with prejudice. FCR (ECF No. 51). Plaintiff had until February 20, 2019, to object to the

1

FCR but failed to do so. Consequently, on February 25, 2019, the District Court entered an Order Accepting the FCR and Final Judgment, dismissing with prejudice Plaintiff's claims against Sherman, the last remaining defendant. Ord. Accepting (ECF No. 53); Feb. 25, 2019 Final J. (ECF No. 54). Given the case's current posture, Plaintiff's filing should be liberally construed as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Smith v. Tex. Dep't of Criminal Justice, Institutional Div.*, 79 Fed. Appx. 61, 62 (5th Cir. 2003) (per curiam) (construing motion to reopen civil rights action that had been dismissed under Rule 41(b) as arising under Rule 60(b)) (citing *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)); *Green v. State Farm*, 2017 WL 3835873, at *2 (N.D. Tex. Aug. 7, 2017), *adopted by* 2017 WL 3780488 (N.D. Tex. Aug. 31, 2017) (same).

> Rule 60(b) provides for relief from a final judgment and states that:
>
>> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial proceeding that is predictable mandates

2

caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (internal quotations and citations omitted).

Plaintiff's Motion does not allege: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or other misconduct by an opposing party; that the judgment is void; that the judgment has been satisfied, released, or discharged; that the judgment is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)-(5). Thus, the Court construes Plaintiff's Motion as requesting relief under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Green*, 2017 WL 3835873, at *2.

Rule 60(b)(6), however, "is a residual clause used to cover unforeseen contingencies,'" and, like Rule 60(b) relief generally, "'it is a means for accomplishing justice in exceptional circumstances.'" *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604-05 (5th Cir. 1986) (quoting *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007)); *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'") (quoting *Batts v. Tow-Motor Forklift Co.,* 66 F.3d 743, 747 (5th Cir. 1995)). When ruling on a Rule 60(b) motion, courts should consider:

> (1) that final judgments should not lightly be disturbed;
> (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally

3

> construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)). Here, Plaintiff's Motion does not raise any exceptional circumstances entitling him to relief from the final judgment. Instead, he restates the arguments he made in response to Defendant Sherman's Motion for Summary Judgment. Plaintiff, therefore, has failed to establish that he is entitled to relief under Rule 60(b), and his Motion should be denied.

Even if the Court were inclined to consider Plaintiff's Motion on the merits, it should still be denied. Plaintiff first argues the Court should waive the requirement that he exhaust administrative remedies. Pl.'s Mot. 5. He contends that he has a history of invoking the grievance process and the Court should assume he did so in this case. *Id.* He further states that he in fact submitted a Step 1 grievance to Captain Stevens in connection with the alleged August 11, 2015 incident, but Stevens refused to act on it and Plaintiff was transferred to another unit before he could follow up. *Id.* Thus, Plaintiff argues, he was prevented from

4

exhausting his administrative remedies. *Id.* Plaintiff offers nothing but his wholly unsubstantiated assertions to support his claim that prison officials "covered up" his grievance and prevented him from exhausting his administrative remedies. As set forth in the February 6, 2019 Findings, Conclusions, and Recommendation, Plaintiff had significant experience with the prison grievance process, but there is no evidence that Plaintiff initiated—much less exhausted—the process with respect to the alleged August 11, 2015 incident. In the absence of such evidence, Defendant Sherman is entitled to summary judgment that Plaintiff failed to exhaust his administrative remedies with respect to his claims.

Plaintiff also challenges the determination that Sherman is entitled to qualified immunity. He repeats his claims that Sherman falsified paperwork to cover up prison officials' negligence and/or recklessness in connection with the alleged August 11, 2015 incident. But again, Plaintiff offers no evidence in support of his bald accusations of misconduct. There is no evidence in the record that Sherman was involved in the alleged August 11, 2015. In the absence of such evidence, Defendant Sherman is entitled to summary judgment on Plaintiff's claims against her.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Plaintiff's "Traverse," (ECF No. 55), be construed as a motion under Fed. R. Civ. P. 60(b) and that the Motion be denied.

**SO RECOMMENDED.**

March 25, 2019.

                                                    REBECCA RUTHERFORD
                                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).